

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 9, 1947

Honorable R. G. Hughes,
Chairman, State Board
of Plumbing Examiners,
Austin, Texas

Opinion No. V-403

Re: Authority of State
Board of Plumbing
Examiners to em-
ploy its own legal
department.

Dear Mr. Hughes:

Your request is for an opinion of this depart-
ment on the following question:

Does the State Board of Plumbing Ex-
aminers, under the provisions of the Plumb-
ing License Law of 1947, have the authority
to employ its own legal department for coun-
sel and enforcement purposes?

The only provisions of Senate Bill No. 188,
The Plumbing License Law of 1947, of the 50th Legisla-
ture, that are in anywise pertinent to the question un-
der consideration are the following:

Section 5, in part:

"The Board shall administer the provi-
sions of this Act. The Board shall formal-
ly elect a chairman and a secretary-treasur-
er from its members and may adopt such rules
as it deems necessary for the orderly conduct
of its affairs. The Board is hereby authori-
zed and empowered to employ, promote and dis-
charge such assistants and employees as it
may deem necessary to properly carry out the
intent and purpose of this Act, and to fix
and pay their compensation and salaries and
to provide for their duties and the terms of
their employment."

Section 9, in part:

"The Board shall have power to appoint,

by an order in writing, any competent
person to take testimony in such hearing,
who shall have power to administer oaths,
issue subpoenas and compel the attendance
of witnesses, and the decision of the
Board shall be based upon its examination
of the testimony taken and the records
produced."

It is clear that no express or implied authority is given in the Act to employ an attorney or attorneys as a legal department for the purpose of giving legal counsel or advice or handling litigation. The Board cannot employ an attorney to do those things which under the Constitution or statutes it is the duty of the Attorney General, a District or County Attorney to perform.

In Section 22, Article 4 of the Texas Constitution, we find the following provision with reference to the Attorney General:

"He shall represent the State in all
suits and pleas in the Supreme Court of the
State in which the State may be a party. . .
He shall, whenever sufficient cause exists,
seek a judicial forfeiture of such charters,
unless otherwise expressly directed by law,
and give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law." (Emphasis ours)

It is stated in 5 Tex. Jur. p. 378, that:

"Important among the Attorney General's numerous tasks is the duty of advising the Governor and the heads of governmental departments. The statute provides that he shall '. . . at the request of the Governor or the head of any department of the state government . . . give them written advice upon any question touching the public interest, or concerning their official duties.' "

In Opinion No. O-6066, by a former Attorney General, concerning the legality of certain proposed expenditures by the State Board of Public Accounting,

it is said:

> "With reference to your third question, the Board is nowhere expressly authorized to employ counsel. Implied authority to employ such counsel is, we feel, negatived by those provisions of Article 4399 of the Revised Civil Statutes wherein it is made the duty of the Attorney General to render written advice to the heads of all State Boards upon matters concerning their official duties. Consequently, in answer to your third question, you are respectfully advised that a legal fee of the type there described may not be considered an expense in connection with the maintenance of the Board within the meaning of Article 39." (Emphasis ours)

In Section 21, Article 5 of the Constitution, the following is found:

> "The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature."

The Constitution empowers district and county attorneys to represent the State in all cases, civil and criminal, in the district and inferior courts of their respective counties, except in those cases where it confers that power on the Attorney General and where the Legislature has, under Section 22, Article 4 of the Constitution, created additional causes of action in favor of the State and entrusted their prosecution, whether in the trial or in the appellate courts, solely to the Attorney General. Maud v. Terrell, 109 Tex. 97, 200 S. W. 375; Brady v. Brooks, 99 Tex. 366, 89 S. W. 1052.

In view of the above quoted provisions of Senate Bill 188 and of the other statements of law and the former Attorney General's opinions, the Board does not have authority to employ an attorney or attorneys for legal counsel and advice or for conducting litigation. The Board does have authority, however, under Sections

5 and 9 of The Plumbing License Law of 1947 to employ an attorney or attorneys for the same purposes for which any assistant or employee can be employed. They may be used for such enforcement purposes as the making of investigations and conducting of hearings and the taking of testimony therein.

## SUMMARY

The Board of Plumbing Examiners does not have authority under The Plumbing License Law of 1947, S. B. 188 of the 50th Legislature, to employ attorneys for legal counsel and advice or handling litigation or for the purpose of doing any other thing which under the Constitution or statutes it is the duty of the Attorney General, a District or County Attorney to perform. It may, however, employ attorneys as assistants or employees and may use them for the making of investigations and for the conducting of hearings and the taking of testimony therein.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Clyde B. Kennelly
Assistant

APPROVED

FIRST ASSISTANT
ATTORNEY GENERAL

CBK:mw